UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Darnell R. Hicks,

                                Plaintiff,

        -against-

Det. Chavez, et al.,

                                Defendant(s).

------------------------------------------------------------------X

7:23-cv-08088 (KMK)(VR)

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

**BACKGROUND**

    This is a civil rights action brought under 42 U.S.C. §1983, in which the Plaintiff, Darnell Hicks, alleges that he was subject to sexual harassment and injured by Defendants while being processed for his arrest. (ECF No. 1). On June 21, 2024, the parties filed a joint status letter indicating that they had reached an impasse over Hicks' request that Defendants produce "copies of all records of misconduct, including civilian complaints, regarding all officers shown in videos" of Hicks' arrests. (ECF No. 26). On July 18, 2024, during a status conference with the parties, the Court directed Defendants to produce—among other things—all of Det. Chavez's records of misconduct as well as a letter explaining why they should be subject to a protective order. On August 5, 2024, Defendants submitted Detective Chavez's personnel files covering all disciplinary records and citizen complaints, as well as "video recordings which have yet to be disclosed to" Hicks for an *in camera* review to determine their

discoverability. (ECF No. 30). After further consideration and review, including an *in camera* inspection of the videos and documents, the Court has reconsidered its prior ruling. For the foregoing reasons, Hicks' request for all records and video from Det. Chavez, regardless of whether they relate to conduct similar to that alleged in this case, is **DENIED**.

## DISCUSSION

The prevailing practice of courts in this Circuit allows plaintiffs to receive "disciplinary information relating to conduct, substantiated or not, similar to the conduct alleged in the complaint or that raises questions about Defendant's credibility." *Henry v. City of New York*, No. 17-cv-03450 (JGK)(SDA), 2021 WL 6055266, at *1 (S.D.N.Y. Nov. 19, 2021); *see also Saavedra v. City of New York*, No. 19-CV-07491 (JPC), 2021 WL 104057, at *1 (S.D.N.Y. Jan. 12, 2021) (collecting cases and finding that the "longstanding 'prevailing practice' of courts throughout the Second Circuit is to 'limit discovery of a defendant's disciplinary history to complaints, whether substantiated or not, about conduct similar to the conduct alleged in the complaint'") (quoting *Gibbs v. City of New York*, No. 06-CV-5112 (ILG)(VVP), 2008 WL 314358, at *1 (E.D.N.Y. Feb. 4, 2008)). Consistent with this prevailing practice, the White Plains §1983 Plan (which provides parameters for automatic discovery exchanges in certain §1983 cases) only requires that defendants serve on plaintiffs "any records of complaints or incidents that are similar to the

incident alleged in the complaint or that raise questions about the defendant's credibility."[1]

Here, as it relates to Det. Chavez, Hicks broadly asks for "all records of misconduct, including civilian complaints." (ECF No. 26). But, as noted above, the prevailing practice in this Circuit limits such discovery to conduct similar to that alleged in the complaint. And having carefully reviewed the materials submitted by Defendants, the Court finds that they are neither "similar to the incident alleged in the complaint," nor do they "raise questions about the defendant's credibility." *Henry*, 2021 WL 6055266, at *1. Hicks' complaint alleges that he was the victim of sexual harassment and excessive force at the hands of Defendants. But a review of Defendants' records shows that Det. Chavez has no disciplinary records relating to sexual harassment, excessive force, or credibility issues, let alone ones for those exact claims. Because any records in Det. Chavez's personnel file are not ones "that are similar in nature to the allegations in the [c]omplaint or that directly involve dishonesty," the Court finds that Defendants are not required to produce them to Hicks. *Saavedra,* 2021 WL 104057 at *2 (S.D.N.Y. Jan. 12, 2021).

Similarly, the Court has reviewed the videos Defendants submitted for an *in camera* inspection—all of which post-date the alleged conduct in this case by over a

---

[1] U.S. DIST. CT. S.D.N.Y., PLAN FOR CERTAIN §1983 CASES AGAINST POLICE DEPARTMENTS IN WESTCHESTER, ROCKLAND, PUTNAM, ORANGE, DUTCHESS OR SULLIVAN COUNTIES (2016), https://wp.nysd.uscourts.gov/sites/default/files/2024-08/1983%20Plan%20White%20Plains%20Final.pdf [https://perma.cc/3NH9-2EV9]). *See also* Local Civil Rule 83.10(e)(1)(C) (requiring that, in §1983 cases where the New York Police Department is a defendant, the City must serve on the plaintiff "the CCRB and CPI indices of complaints or incidents that are similar to the incident alleged in the complaint or that raise questions about the defendant's credibility.").

year—and finds them irrelevant to the claims here. Under Rule 26 of the Federal Rules of Civil Procedure, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Indeed, in "federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be [discoverable]." *Saavedra,* 2021 WL 104057 at *1 (quoting *Nat'l Cong. for Puerto Rican Rts. v. City of New York*, 194 F.R.D. 88, 92 (S.D.N.Y. 2000)). But where "records contain allegations wholly unrelated to those alleged in the complaint, their relevance has been found to be too tenuous to allow discovery." *Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006).

Here, one set of videos includes the body-worn camera and a police car dash camera video from an incident not directly involving Hicks and that post-date his current complaint by over a year. None of the content captured on those videos makes any fact of consequence in Hicks' present complaint any more or less likely to have occurred. The second set of videos includes body-worn camera footage from officers that escorted Hicks from his holding cell in police headquarters to his arraignment in court in connection with his arrest in April 2024, unrelated to the alleged conduct in this case. To the extent the video captures Hicks' arraignment in court, those proceedings are transcribed by a court reporter, and what is said there is otherwise accessible to Hicks. To the extent the video captures Hicks' escort from his holding cell to the arraignment, the Court finds that nothing captured on the videos makes

any fact of consequence to Hicks' present complaint any more or less likely to have occurred.[2] And like the previous set of videos, these videos post-date Hicks' current complaint by over a year. As such, the Court finds that the videos are irrelevant to Hicks' complaint here and are not discoverable.

## CONCLUSION

For the reasons stated above, Hicks' request for production of all disciplinary records and complaints against Det. Chavez is **DENIED**. Further, as discussed during the status conference on July 18, 2024, Hicks is directed to produce the executed HIPPA Release Authorization forms and return them to Defendants, if he has not already done so. Hicks is also directed to produce the videos posted to social media he intends to rely on or otherwise identify them with specificity to Defendants. Failure to do so may result in Hicks' inability to rely on this evidence at summary judgment or trial.

Finally, the Court is scheduling a telephonic status conference for **September 11, 2024**, at **10:30 a.m**. The parties are to dial into the ATT conference line at 877-336-1839, enter access code 5999739, and press # to enter the conference.

SO ORDERED.

DATED:   White Plains, New York
         August 29, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge

---

[2] It is also unclear whether any of the officers named in the complaint even appear in the video. But even if they do, the video still would not be relevant for the reasons above.