UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Darnell R. Hicks,

                                    Plaintiff,

            -against-

Det. Chavez, et al.,

                                  Defendants.

-------------------------------------------------------------

23-cv-8088 (KMK)(VR)

**OPINION AND ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      By letter, Plaintiff, pro se, moves for several forms of relief, including an investigation into Det. Chavez, an order to compel the Ossining Police Department to release camera footage, and the exclusion of certain photographic evidence. (ECF No. 47). Discovery in this action closed on August 15, 2024. (*See* ECF No. 14) (indicating all fact discovery would be due by August 15, 2024, which was the latest date in the document); *See also* ECF No. 35 (Minute Entry) (memorializing a status conference held on September 11, 2024, during which the Court confirmed with the parties that discovery was completed).

      Plaintiff's letter does not expressly ask the Court to reopen discovery. (ECF No. 47). But given Plaintiff's pro se status, the Court must liberally construe Plaintiff's letter to "raise the strongest arguments that [it] suggest[s]." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018). Thus, the Court liberally construes

1

Plaintiff's letter as a motion to reopen discovery and a motion to exclude and/or seal evidence.

Defendants oppose Plaintiff's request, arguing that discovery ended in this matter, neither party objected to its ending, and that any documents Plaintiff now requests have already been produced. (ECF No. 49). Defendants also argue that the parties are in the midst of summary judgment, with Defendants having already filed their brief and Plaintiff failing to timely respond. (*Id.* at 1–2). The Court addresses each of Plaintiff's motions below.

## I. Motion to Reopen Discovery

"In deciding whether to reopen discovery, courts consider whether good cause exists." *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011); *see Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991) ("[I]n light of plaintiffs' . . . failure to show good cause for a reopening or extension of [the discovery] order, we cannot say that the district court abused its discretion in cutting off discovery and in later denying plaintiffs' motion to reopen it."); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "A significant consideration is whether there has already been adequate opportunity for discovery." *Bakalar*, 851 F. Supp. 2d at 493; *see Trebor Sportswear Co. v. Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989). Indeed, parties seeking to reopen discovery typically must show why the Court's deadlines could not reasonably have been met despite their diligence. *See 136 Field Point Circle Holding Co. v. Razinski*,

No. 21-cv-11076, 2024 WL 182131, at *2 (S.D.N.Y. Jan. 17, 2024).[1]  Courts also consider additional factors, such as:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Bakalar*, 851 F. Supp. 2d at 493.

Here, Plaintiff has made no showing of good cause to reopen discovery.  *See Tatintsian v. Vorotyntsev*, No. 16-cv-7203, 2021 WL 780139, at *5 (S.D.N.Y. Jan. 27, 2021) (denying pro se party's motion to compel filed six weeks after the close of discovery because he had "failed to demonstrate the good cause necessary to modify the [Case Management Plan] to re-open discovery").  Under the parties' Civil Case Discovery Plan and Scheduling Order, all discovery was to be completed by August 15, 2024.  (ECF No. 14).  On September 11, 2024, the Court confirmed with the parties that discovery was completed.  (ECF No. 35).  Thus, Plaintiff had nearly eleven months—from September 12, 2023 (when the case was filed), to August 15, 2024—to conduct discovery.  *Cf. Jackson v. Fed. Express*, 766 F.3d 189, 199–200 (2d Cir. 2014) (affirming denial to reopen discovery where pro se party "had seven months to conduct discovery" and "scheduled time for discovery was over"); *Tripathy v. Lockwood*, No. 19-cv-6614, 2021 WL 5311029, at *3 (W.D.N.Y. Sept. 29, 2021)

---

[1] *See also Humphreys v. N.Y.C. Health & Hosp. Corp.*, No. 16-cv-9707, 2023 WL 155446, at *3 (S.D.N.Y. Jan. 11, 2023); *Gao v. Savour Sichuan Inc.*, No. 19-cv-2515, 2021 WL 4892864, at *1–2 (S.D.N.Y. Oct. 20, 2021).

3

(collecting cases). Indeed, the Court confirmed that discovery was completed in September, but Plaintiff did not raise these issues until December, nearly three months after discovery closed.

In fact, during the conference with the Court on September 11, 2024, the only outstanding discovery issue raised by the parties was by Defendants, claiming they had not received HIPPA authorizations and social media videos from Hicks. Plaintiff made no mention of any other outstanding discovery, including the camera footage he now seeks. Plaintiff also provides no explanation for why any of his requested discovery was not pursued earlier.[2] *Cf. Tatintsian*, 2021 WL 780139, at *5–6 (finding pro se defendants "were not diligent" when they "sat on the discovery dispute until six weeks after the close of fact discovery" before seeking to reopen discovery).

Absent good cause shown by the Plaintiff, reopening discovery at this late date would unduly delay this case and prejudice Defendants. Although no trial date has yet been set, the Court has already engaged in summary judgment proceedings, with Defendants' motion being filed on October 30, 2024, Plaintiff's opposition having been due on December 15, 2024, and Defendants' reply due on January 15, 2025. (ECF No. 37). Thus, delaying summary judgment briefing to accommodate reopening of discovery would prejudice Defendants. *Cf. Jeannite v. City of N.Y.*

---

[2] Notably, Defendants assert that they have already produced discovery responsive to Mr. Hicks' requests. (ECF No. 49) ("[T]he defendants produced 2 bodycam videos of the plaintiff's arrest and detention" and "the 2 photographs taken of the plaintiff's alleged injuries"). But to the extent Plaintiff seeks new information, it is unclear from his letter whether he knew, while discovery was ongoing, whether he needed the information he now seeks, or whether reopening discovery would likely lead to relevant evidence.

*Dep't of Bldgs.*, No. 09-cv-3464, 2010 WL 2542050, at *2 (S.D.N.Y. June 21, 2010) ("Although the assigned district judge has not set a trial date, for this action, the defendant has requested a pre-motion conference, seeking leave to move for summary judgment. Under these circumstances, the defendant would be prejudiced by the delay necessitated by reopening discovery.").

Thus, Plaintiff's construed motion to reopen discovery is **DENIED**.

## II. Motion to Exclude and/or Seal Evidence

As to Plaintiff's request to "[e]xclude any photographs or images that were taken with the intent to humiliate and degrade him" (ECF No. 47), the Court is unclear about what exactly Plaintiff seeks. If Plaintiff seeks to exclude these photographs and images at a subsequent hearing or trial, then the Court denies this request as premature without prejudice to renew it before the District Judge later.

If Plaintiff seeks to exclude any such photographs from the Court's consideration on summary judgment, then he has failed to provide a legitimate basis for doing so. Although Plaintiff states that these photographs or images "are irrelevant to the factual circumstances of the incident" (ECF No. 47), they appear to include the very same photographs that form part of his complaint. (ECF No. 1 at 5) (alleging that "there should be no reason a picture of my butt out should be in his camera"). And in his most recent motion, Plaintiff reiterates his complaint that these photographs were taken with the intent to humiliate him. (ECF No. 47). Notably, "the choice of materials to be considered in conjunction with a summary judgment motion is within the discretion of the trial judge." *Moore v. Kwan*, No. 12-

CV-4120 (VSB), 2016 WL 9022575, at *2 n. 7 (S.D.N.Y. Mar. 30, 2016) (quoting *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 494 F. Supp. 1161, 1168 (E.D. Pa. 1980)); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials [during summary judgment], but it may consider other materials in the record."). As such, the decision to consider these images—whether relevant or not—rests with the District Judge.

Finally, if Plaintiff seeks to have these images filed under seal to prevent public disclosure on the docket, then the Court construes his request as a motion to seal. "Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution," *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022), and is secured by the First Amendment, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). A "judicial document" is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein*, 814 F.3d at 139 (internal quotation marks omitted). To overcome the presumption of public access, the court must make "specific, on-the-record findings" for each individual document that sealing (1) "is necessary to preserve higher values," and (2) "is narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019).

Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material

6

introduced at trial, or in connection with dispositive motions." *Id.* at 50. "Thus, while a court must still articulate specific and substantial reasons" for sealing material filed in connection with a discovery dispute, "the reasons usually need not be as compelling as those required to seal" filings connected to a dispositive motion. Because Plaintiff's request concerns exhibits filed in connection with Defendants' summary judgment motion—a dispositive motion—a higher presumption of public access attaches to them.

After determining the weight of the presumption of public access, the Court next considers "competing considerations … includ[ing] but not limited to the danger of impairing law enforcement or judicial efficiency" and the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)

Plaintiff's motion is silent as to whether sealing these documents is necessary to preserve higher values or how doing so is narrowly tailored to achieve such values. Moreover, these exhibits were filed with the Defendants' summary judgment motion, affording them a higher level of presumption to public access than if they were filed with a discovery dispute. Further, these exhibits appear relevant to adjudicating the claims in this action, as discussed above. Lastly, courts "generally reject negative publicity or potential embarrassment as a basis for overcoming the strong presumption of public access to the allegedly prejudicial

7

items." *Coscarelli v. ESquared Hosp. LLC*, No. 18-CV-5943 (JMF), 2021 WL 5507034, at *21 (S.D.N.Y. Nov. 24, 2021) (quoting *Julian v. Metro. Life Ins. Co.*, No. 17CV957AJNBCM, 2020 WL 5913739, at *4 (S.D.N.Y. Oct. 6, 2020)).

Thus, even liberally construed, Plaintiff has failed to sustain or meet his burden to demonstrate why these exhibits should be filed under seal. As such, Plaintiff's construed request for Defendants to file exhibits under seal as part of their summary judgment motion is **DENIED**.

The Clerk of Court is directed to terminate the pending motion at ECF No. 47.

**SO ORDERED.**

DATED:   White Plains, New York
         January 6, 2025

_____
VICTORIA REZNIK
United States Magistrate Judge