UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARNELL R. HICKS,

*Plaintiff*,

v.

DETECTIVE CHAVEZ,

*Defendant*.

---

No. 23-CV-8088 (KMK)

<u>OPINION & ORDER</u>

KENNETH M. KARAS, United States District Judge:

Darnell R. Hicks ("Plaintiff"), proceeding pro se, brings this Action against Detective Chavez ("Defendant") alleging sexual harassment in violation of his Fourth Amendment rights. (*See generally* Compl. (Dkt. No. 1).)  Before the Court is Defendant's Motion for Summary Judgment (the "Motion").  (*See* Not. of Mot. (Dkt. No. 42).)  For the reasons discussed below, Defendant's Motion is denied.

<u>I.  Discussion</u>

A.  <u>S.D.N.Y. Local Rule 56.2</u>

In the Second Circuit, a district court cannot grant a motion for summary judgment in a case involving a pro se litigant unless

> (1) the court apprises the pro se litigant of the consequences of failing to respond to the motion; (2) an opposing party has already provided the pro se litigant with the requisite notice; or (3) it is clear that the pro se litigant understands "the nature and consequences of summary judgment."

*Vidal v. Venettozzi*, No. 18-CV-6184, 2023 WL 4421876, at *1 (S.D.N.Y. July 10, 2023) (citing *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994), *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996), and *M.B. # 11072–054 v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997)).  To fulfill this duty, the

United States District Courts for the Eastern and Southern Districts of New York adopted Local Rule 56.2, which requires that, in a case where a non-movant is pro se, the moving party "serve and file as a separate document, together with the papers in support of the motion, [a] 'Notice To Pro Se Litigant Who Opposes a Motion for Summary Judgment' with the full texts of [Federal Rule of Civil Procedure] 56 and Local Civil Rule 56.1 attached." Local Civ. R. 56.2. The notice "advises the pro se litigant of the possibility that the complaint may be dismissed and informs the litigant that he or she must submit evidence countering the facts asserted by the defendant and raising issues of fact for trial." *Etere v. Nassau County*, No. 17-CV-3113, 2023 WL 5881186, at *1 (E.D.N.Y. Sept. 11, 2023) (italics omitted) (quoting *Covello v. Depository Tr. Co.*, 212 F. Supp. 2d 109, 115 (E.D.N.Y. 2002)). The notice also serves to ensure that "the pro se litigant understands the consequences of failing to respond to a motion for summary judgment and receives notice that he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial." *Id.* (internal quotation marks omitted) (quoting *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620–21 (2d Cir. 1999)). Failure to comply with this rule may result in the movant's motion being denied. *See Etere*, 2023 WL 5881186, at *3 (denying motion for failure to comply with Local Rule 56.2); *Vidal*, 2023 WL 4421876, at *3 (same).

The absence of a 56.2 notice does not necessarily "prohibit[] district courts from acting upon motions for summary judgment sought against pro se litigants." *Id.*, at *1 (quoting *Sawyer v. Am. Fed'n of Gov't Emps., AFL-CIO*, 180 F.3d 31, 35 (2d Cir. 1999)). Accordingly, the Second Circuit has recognized exceptions to this obligation when the moving party has provided the pro se litigant with the requisite notice through other means, *see Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996), or when the pro se litigant responds to the summary judgment motion with factual and legal submissions indicating that he understood the nature and consequences of

summary judgment and "the need to set forth all available evidence demonstrating a genuine dispute over material facts," *Reish*, 119 F.3d at 232.

B.  Analysis

Defendant has failed to file a notice in compliance with Local Rule 56.2.  Defendant filed his Motion on October 30, 2024.  (*See* Not. of Mot.)  Plaintiff did not timely file his Opposition, which was due on December 15, 2024, (*see* Dkt. No. 37).  On January 16, 2025, Defendant filed the entire text of Local Rule 56.2, including the preamble that directs counseled moving parties to serve and file a Local Rule 56.2 notice.  (*See* Dkt. No. 52.)  This document was not in compliance with Local Rule 56.2, as it did not include Federal Rule of Civil Procedure 56 and Local Rule 56.1, and because it was not filed together with the Motion.  The same day, apparently realizing his error, Defendant filed a "revised" Local Rule 56.2 notice, (*see* Dkt. No. 53), which was served on Plaintiff, (*see* Dkt. No. 54).  Defendant's revised notice is also not in compliance with Local Rule 56.2.  Instead of reproducing the notice provided in the Local Rules, Defendant's revised notice attempts to reinvent the wheel and contains some, but not all, of the provided language.  (*Compare* Dkt. No. 53 at 1, *with* Dkt. No. 52.)  The revised notice did properly append Federal Rule of Civil Procedure 56 and Local Rule 56.1.  (*See* Dkt. No. 53.)

Crucially, the revised notice lacks the plain, clear language contained in the Local Rules. The relevant committee note explains that

> Local Civil Rule 56.2 plays a valuable role in alerting pro se litigants to the potentially serious consequences of a motion for summary judgment, and to the requirements for opposing such a motion.  The Committee recommends certain changes in the text of the notice required by the rule *in order to make it more understandable to non-lawyers*.

Local Civ. R. 56.2, Pre-2024 comm. note (emphasis added).  Defendant's revised notice omits the language that is meant to inform non-lawyers of how they may properly oppose a motion for summary judgment.  The Court finds that Defendant's revised notice does not suffice as notice

through other means that the Second Circuit found sufficient in *Champion v. Artuz*. There, a statement that was not in perfect compliance with Local Rule 56.2 but that "clearly describe[ed] the requirements of [Federal Rule of Civil Procedure 56(e) and Local Rule 56.2]" was found "to give [the pro se plaintiff] the required notice." *Artuz*, 76 F.3d at 486. In contrast, Defendant's revised notice omits any clear description that warns Plaintiff of the nature and consequences of a motion for summary judgment in straightforward terms.

Plaintiff has filed nothing in relation to Defendant's Motion. (*See generally* Dkt.) Upon a review of the record, the complete absence of any activity on Plaintiff's part makes it "unclear whether [P]laintiff understood the nature of a summary judgment motion or his burden in responding to such a motion with admissible evidence to raise an issue of fact for trial." *Lifchits v. Key 4U Transp. Corp. Bus.*, No. 20-CV-3749, 2023 WL 6201696, at *2 (E.D.N.Y. Sept. 22, 2023) (denying a motion for summary judgment where defendant failed to comply with Local Rule 56.2); *White v. Roosevelt Union Sch. Dist. Bd. of Educ.*, No. 15-CV-1035, 2023 WL 4420117, at *2 (E.D.N.Y. July 10, 2023) (same).

## II.  Conclusion

For the reasons discussed above, Defendant's Motion is denied without prejudice with leave to re-file in accordance with the Court's Local Rules. The Clerk of Court is respectfully directed to terminate the pending Motion at Dkt. No. 42 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:    September 19, 2025
          White Plains, New York

_____
     KENNETH M. KARAS
     United States District Judge

4